**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number 1:21-cv-00806

Terry Lesoing,
      Plaintiff,

v.

Equifax Information Services, LLC,
LexisNexis Risk Solutions Inc,
      Defendants.

---

**COMPLAINT**

---

1. Plaintiff is an individual who resides in Rye, CO.

2. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company located at 1550 Peachtree St NW, Atlanta, GA 30309-2402.

3. Defendant LexisNexis Risk Solutions Inc ("LexisNexis") is a Georgia corporation located at 1000 Alderman Dr., Alpharetta, GA 30005.

**Allegations Against Equifax**

4. In or around December 2020, Plaintiff attempted to get a copy of his Equifax credit file, but he could not pass Equifax's security questions, which is a telltale sign of a mixed file.

5. A mixed file is basically where Equifax includes information that relate to two or more persons, which is caused by Equifax's loose matching algorithms.  Thus, if two or more consumers share similar names, Social Security Number ("SSN") or other identifying information, Equifax will mix/merge the consumers' files.

6. Plaintiff's Equifax credit file had been previously mixed for over a decade, but Plaintiff was under the impression that Equifax had fixed the problem.

7. In December 2020, Plaintiff sent a dispute letter to Equifax notifying them that he believed his file might be mixed because he could not pass the security questions when trying to get his file, and he believed Equifax was reporting an incorrect address for him that belonged to another individual.  Plaintiff provided his full SSN & date of birth to Equifax.  In this letter, Plaintiff also asked Equifax to provide him with a copy of his credit file.

8. Equifax received Plaintiff's December 2020 dispute via certified mail on January 4, 2021.

9. On January 11, 2021, Equifax sent Plaintiff a letter stating it "could not locate" Plaintiff's credit file based on his SSN. This is also a telltale sign of a mixed file, as Equifax will often send this form letter when they punch in a consumer's SSN into their ACRO database, and a different consumer's name comes up on the computer.  Pursuant to the form letter, Equifax asked Plaintiff for proof of SSN and other information.

10. On January 30, 2021, Plaintiff sent Equifax another dispute letter again requesting that Equifax unmix his file, and again requesting a copy of his credit file.  Additionally, Plaintiff sent Equifax a copy of his tax return showing his full SSN, his driver's license, and a bank statement. This letter was sent via certified mail and delivered to Equifax in February 2021.

11. As of the date of this complaint, Plaintiff has received no response at all to either of his disputes, nor has he received a copy of his Equifax credit file.

## COUNT I, Fair Credit Reporting Act (FCRA)
### (Against Equifax)

12. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

13. Equifax negligently and willfully violated 15 U.S.C. § 1681i by failing to reinvestigate Plaintiff's disputes, failing to notify the source of the disputed information, failing to review

and consider all relevant information provided by Plaintiff, and failing to notify Plaintiff of the results of any reinvestigations.

14. Equifax negligently and willfully violated 15 U.S.C. § 1681g by failing to provide Plaintiff with a copy of his credit file in spite of Plaintiff making two requests in writing via certified mail.

15. Equifax's violations of the FCRA caused Plaintiff actual damages to be determined at trial, including worry, stress, frustration, inconvenience, hopelessness, and harm to credit score.

**Allegations Against LexisNexis**

16. In or around December 2020, after Plaintiff learned he was potentially mixed again with Equifax, he wanted to check his credit files with the other consumer reporting agencies to make sure he was not also mixed with them.

17. Plaintiff learned about LexisNexis, who is a major consumer reporting agency that sells consumer reports to insurance companies to establish insurance premiums, and also sells various consumer reports and skip tracing products to debt collection companies for collection purposes.

18. Being mixed with LexisNexis can be problematic, because debt collection companies will often order a consumer report when they first get the account. If they get a mixed account, they will often begin pursuing the wrong person for the debt, and in some cases, they will obtain the wrong person's SSN from LexisNexis, and then simply replace the SSN in their computer system. Further, insurance companies generally charge people with poor credit scores higher premiums with the alleged risk being that if you have financial issues, you are more likely to be stressed out and cause an accident.

19. In or around December 2020, Plaintiff requested a copy of his credit file in writing from

    LexisNexis.

20. LexisNexis maintains the most data of any credit bureau, and the file that they have on most

    Americans is often at least 100 pages long, sometimes 200-300 pages long.  A normal

    LexisNexis file will contain every insurance claim filed, every public record associated with

    the person, real estate records, license records, and much more.

21. By letter dated December 20, 2020, LexisNexis wrote to Plaintiff that it could not provide

    him with a copy of his credit file because it allegedly could not locate a file that matched his

    data. In reality, LexisNexis also has Plaintiff's file mixed with another consumer(s), and

    when it inputted Plaintiff's SSN into its database, the file retrieved was a mixed file that had

    information related to both Plaintiff and other consumer(s). Instead of providing Plaintiff

    with his credit file, LexisNexis simply sent Plaintiff a form letter, incorrectly stating that it

    could not locate a file.

**COUNT II, Fair Credit Reporting Act (FCRA)**
**(Against LexisNexis)**

22. LexisNexis negligently and willfully violated 15 U.S.C. § 1681g by failing to provide

    Plaintiff with a copy of his credit file, in spite of Plaintiff's written request by certified mail.

23. LexisNexis's violations of the FCRA caused Plaintiff actual damages in an amount to be

    determined at trial, including worry, stress, frustration, hopelessness, and harm to credit

    rating.

WHEREFORE, Plaintiff prays for the following relief:

    a.  Actual damages to be determined at trial;
    b.  Punitive damages to be determined at trial;
    c.  Attorney fees and costs;
    d.  For such other relief as may be proper.

s/ Matthew R. Osborne
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com

*Attorney for Plaintiff*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**